D. Ormonde Ritchie, J.
In this action, tried by the court without a jury, plaintiff seeks to recover treble damages for an alleged willful and malicious continuing trespass by defendants upon real property owned by plaintiff resulting in an alleged destruction of trees and shrubbery growing thereon and destruction of sidewalks and curbing adjacent thereto; the destruction of monuments placed on plaintiff’s property following a survey thereof; the removal of topsoil and fill resulting in a lowering of the elevation of plaintiff’s property from 11 feet to 6 feet above mean sea level; and for the use and occupation of plaintiff’s property by storage thereon of construction equipment and materials by defendants. At the time the action was commenced a cause of action for a permanent injunction restraining the defendants from continuing the acts of trespass was alleged in the complaint. The latter cause of action was discontinued immediately prior to the trial of the action for damages, the trespass having been abated by the issuance of an injunction in August, 1955, restraining continuation of the alleged acts of *986 trespass by defendants. At the close of plaintiff’s case, upon motion, the complaint was dismissed as to the defendant Baffin, and decision on the motion to dismiss reserved as to the other defendants. Upon consideration of the evidence after reading the transcript of the testimony taken at the trial, the motion to dismiss the complaint is granted as to the defendant Grlicksman upon the ground of a failure of proof in respect to establishing liability on his part.
At the trial, evidence established that plaintiff was the owner of a parcel of land of approximately 100 x 100 feet, comprising five lots in a tract known as Oceanside Beach in Oceanside, Nassau County, New York, plaintiff having acquired title thereto in September, 1930. That in March, 1953, the defendant Oceanlea Homes, Inc. (hereinafter called ‘1 Oceanlea ’ ’ for the purpose of brevity), acquired title to a tract of land of approximately 20 acres in an area surrounding plaintiff’s property. That the defendant Oceanlea commenced development of its tract by May, 1953, under the supervision of its construction superintendent, the defendant Langfur.
In the presentation of plaintiff’s case plaintiff testified to improving his parcel in 1932 by the installation of fill and topsoil, raising the general elevation of the parcel to 11 plus feet above sea level, which also resulted in an increase of 42 to 48 inches in grade above the grade of adjacent sidewalks. Plaintiff further testified to planting 5 trees at a cost of $60 each, and 15 hedge plants at a cost of $4 each upon the property in 1932. That at the inception of the alleged acts of trespass in 1953, in addition to the improvements to plaintiff’s property aforesaid, there were sidewalks and curbing adjacent thereto. Testimony and pictorial evidence was introduced to establish a destruction of the trees, shrubbery, sidewalks and curbing and a removal by defendants of soil and fill from plaintiff’s property reducing its general elevation from 11 to 6 feet above sea level in addition to the operation of various types of vehicles owned or under the control of the defendant Oceanlea across and upon plaintiff’s property. Further testimony and photographic evidence established a storage of equipment upon the parcel. In support of his claim for treble damages plaintiff testified that on various visits to his property he demanded that the trespass cease and was answered by the defendant Langfur by derogatory epithets, name calling and threats as well as a refusal to discontinue the trespass. This testimony was corroborated by the testimony of a Nassau County police officer called to the scene by plaintiff.
*987 The defendants ’ evidence established that construction operations in connection with the development of Oceanlea’s acreage commenced in May, 1953. That shortly prior thereto inspections made of the entire tract (including the parcel owned by plaintiff) made by officers and employees of the defendant Oceanlea, revealed uniform conditions of topography and grade. Evidence was introduced by way of testimony of a surveyor who prepared a topographical survey of the area of Oceanlea’s holdings (including plaintiff’s property) showing a general elevation of between five and one-half to six and one-third feet above mean sea level. There was then introduced in evidence a section of the building code ordinance of the Town of Hempstead adopted June 29, 1954, requiring a minimum elevation of seven and one-half feet above mean sea level for the issuance of a permit to build. Further evidence was introduced by way of the testimony of an aerial photographer and the photographs taken by him in 1947 which were interpreted by the witness to indicate an absence of trees or cultivated shrubbery on plaintiff’s property on the date the photographs were taken. On the question of storage of equipment on the property the evidence was that from the inception of construction and until May, 1955, all dredging operations were conducted by an independent contractor, Gibson & Cushman, Inc,, dredging contractors, and that from May, 1955 until August, 1955, some dredging operations were conducted by a corporation subsidiary to or affiliated with the defendant Oceanlea.
By a preponderance of the credible evidence the court finds the following facts to have been established: 1. Plaintiff was the owner of five plots of a total area of approximately 10,000 square feet having acquired title in 1930 and continuing in title through August, 1955. 2. In 1932 plaintiff improved the parcel by addition of topsoil and the planting of trees and hedges. 3. Plaintiff caused the property to be surveyed and boundary monuments placed thereon. 4. In March, 1953, the defendant Oceanlea Homes, Inc., acquired a tract of land of approximately 20 acres upon which development operations were commenced in May, 1953. 5. That from the commencement of development operations in May, 1953, until August, 1955, the defendant Oceanlea, by its agents and employees continuously trespassed upon the property owned by plaintiff. 6. The defendant, Boss Langfur, continuously trespassed upon plaintiff’s property from May, 1953, until August, 1955. 7. The defendant, Boss Langfur, was a construction superintendent in the employ of the defendant Oceanlea. 8. The defendants Oceanlea and *988 Langfur used and occupied plaintiff’s property for the purpose of storing dredging equipment from May, 1955, to August 6, 1955. 9. From March, 1955, to August 6, 1955, the trespass by the defendant Boss Langfur was willful and with the knowledge of plaintiff’s ownership of the property. 10. That the acts of willfulness and malice of the defendant, Langfur, were not committed with the knowledge or consent of the defendant Oceanlea nor within the scope of his employment. 11. There were no cultivated trees or shrubbery on plaintiff’s property on the date of commencement of the trespasses, although they were planted there by plaintiff in 1932. 12. That the trespasses by the defendants Oceanlea and Langfur resulted in the removal of fill and topsoil from plaintiff’s property, reducing the property 48 inches in grade. 13. That the trespasses by the defendants Oceanlea and Langfur resulted in the destruction of the survey monuments on plaintiff’s property. 14. That the sidewalks and curbing adjacent to plaintiff’s property were totally covered with sand and soil in May, 1953, and below the grade requirement established by the ordinance of the Town of Hempstead adopted in 1954 and were therefore of no value. 15. That the amount of fill and topsoil removed from plaintiff’s property after defendants’ knowledge of his ownership thereof and their subsequent trespasses thereon was not established. 16. That the value of the fill and topsoil removed from plaintiff’s property as a result of defendants’ trespasses was in the amount of $3,600. 17. That the reasonable value of a resurvey of plaintiff’s property and the replacement of the survey monuments destroyed as a result of defendants’ trespasses is $200. 18. That a reasonable rental value of plaintiff’s property for the period used for storage purposes by defendants is the sum of $100 computed on the basis of $25 per month for the months of May, June, July and August, 1955.
From the facts as found, the court determines that the plaintiff is entitled to recover from the defendants Oceanlea Homes, Inc., and Boss Langfur the sum of $3,600 for the destruction of fill and topsoil; the sum of $100 for rental resulting from the use and occupation of plaintiff’s property for storage purposes; and the sum of $200 resulting from the destruction of survey monuments on plaintiff’s property. In addition thereto plaintiff is entitled to recover exemplary damages from the defendant Boss Langfur in the sum of $200 as a result of his willful trespasses in using and occupying plaintiff’s property for storage purposes.
Accordingly, judgment is granted in favor of the plaintiff and against the defendants Oceanlea Homes, Inc., and Boss *989 Langfur in the sum of $3,900 and against the defendant Ross Langfur in the additional sum of $200 as exemplary damages.
All motions on which decision vs as reserved and not otherwise disposed of herein are denied.
The foregoing constitutes the decision of this court as required by the provisions of section 440 of the Civil Practice Act.