George F. X. McInerney, J.
Action for damages in trespass; trial by court without a jury. Plaintiffs owned residential property at Huntington Station, New York, upon which was erected their home. The southerly boundary of the property was covered with a natural growth of wild cherry trees, locust trees, blackberry bushes and assorted bushes and hedges, which to the plaintiffs represented a natural windbreak and an esthetic asset. It was stated that this flora was visually impenetrable during the leafy season. Also along the southerly boundary was a right of way which until this litigation arose, apparently had never been improved. Somewhere between the southerly boundary of plaintiffs’ land and the northerly line of the right of way, there existed a slope running downwards from the higher grade of the plaintiffs’ to the lower grade of the owner to the south.
There came a time when the defendant was engaged to open the right of way and clear undesired matter from the area. The court finds as a fact that the defendant trespassed over the plaintiffs’ southeasterly border when he drove his bulldozer from property to the east to the property south of the plaintiffs. After arriving on the right of way and its general area, he proceeded to clear the area. Plaintiffs allege that he cleared the windbreak trees on their land as well as removing quantities of top soil and destroying the previously existing grade. The defendant denies that he encroached upon the plaintiffs’ property except when he originally crossed the southeast corner to get to the right of way.
Plaintiffs’ property is located on a corner and the defendant could have gone the long way around to get to the site of his proposed labors without trespassing but he elected not to do so when he was given permission by someone else to cross plaintiffs’ land. Perhaps his assuming that such permission was adequate was a calculated risk in view of the normal circumstances undoubtedly encountered in his business of land clearing, but there came a time when he was directly ordered by one of the plaintiffs not to cross the land again. To emphasize his firmness, the plaintiffs erected a single wire across the embattled salient. The wire was knocked down subsequently and the plaintiffs allege that the defendant knocked it down. The defend *1042 ant denies it. A policeman testified that the defendant said he had to cross plaintiffs’ land to get to the area, and the defendant in his pretrial deposition testified that he crossed the property three times, although at the trial he stated that he had been incorrect in so stating. There were further discrepancies between the defendant’s testimony in the deposition and on the trial with respect to the existence of survey stakes showing the boundary line of the respective properties, since he testified that the owner to the .south showed him the survey stakes at the beginning and then that there were no survey stakes when he started.
The two surveyors who testified did not completely solve the factual relationship of the location of the windbreak with respect to the boundary line. However, in support of the allegation of the plaintiffs that topsoil had been shifted, a surveyor submitted a topographical chart which indicated some disturbance of the natural slope. It further showed an encroachment from the south of a fence for some 110 feet with a maximum penetration of 2.31 feet. The defendant’s surveyor, also an. expert, showed a much slighter encroachment of some 18 feet with a maximum penetration of A of a foot.
The court finds by a preponderance of credible, evidence that the defendant trespassed upon the plaintiffs’ land, changed the general angle of the slope and removed natural growth, without proper authorization. While it is difficult to require the operator of a bulldozer to observe the niceties of measurement that cause some confusion among experts even in the unhurried contemplation of a dispassionate drawing board, yet the action of the operator of the machine in deliberately ignoring the order of an outraged property owner not to cross his property, cannot be condoned. If a property owner is to be sáfely defied in the exercise of his just rights of ownership the net result may well be the employment of self-help with or without the aid of armament. The whole tenor of the law is to prevent such an undesirable result.
Accordingly, judgment is granted in favor of the plaintiffs and against the defendant Dominick Quinto, in the sum of $300 for damage to the windbreak, $230 for loss of topsoil, and for the sum of $50 as exemplary damages. (Norton v. Glicksman, 9 Misc 2d 985.)